IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE G. GOREE,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No. 23–CV–796–JPG

**MEMORANDUM & ORDER**

This matter comes before the Court on petitioner Clarence G. Goree's ("Petitioner" or "Goree") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.   Background**

In 2009, the Court sentenced Goree to a 288-month term of imprisonment after he conspired to distribute at least 50 grams of crack in violation of 21 U.S.C. § 841(b)(1)(a). (Criminal Case, Docs. 312, 492). On April 21, 2021, the Court, pursuant to the First Step Act, reduced Goree's sentence to 200 months incarceration. (Criminal Case, Doc. 823). He is currently incarcerated at a Residential Reentry Office in Chicago, Illinois ("RRM Chicago") and is set to be released on March 16, 2023. https://www.bop.gov/inmateloc/ (last visited March 8, 2023).

Goree filed two motions to reduce his sentence pursuant to "Procedural Error" (Criminal Case, Docs. 829, 833). The Court warned Goree that his request is properly brought forth under a § 2255 and gave Goree notice of its intent to construe his motions as such. Most recently, the Court gave Goree until February 25, 2023, to withdraw, amend, or otherwise respond to the Court's intent to construe his motions as a motion under § 2255. Seeing no response by March 6, 2023, the Court opened a new case under § 2255. The Court now addresses Goree's motions pursuant to Rule 4 of the Rules Government 2255 and 2254.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

## II.     Timeliness

The Court believes that Goree raises his claims beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable trigger for the one-year period for Goree is found either in § 2255(f)(1), or (3); he has not asserted any governmental impediment to making a motion or any newly discovered evidence. The Court addresses each of these potential trigger dates in turn.

### A.     § 2255(f)(1): Date Conviction Became Final

Under § 2255(f)(1), Goree's conviction became final more than a year before he filed his § 2255 motion. Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires.

Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013); see, e.g., Flores-Torres v. United States, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011); cf. Clay v. United States, 537 U.S. 522, 524-25 (2003) (affirmed conviction becomes final for § 2255 purposes when time for filing a petition for a writ of certiorari expires). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed him 14 days from his sentencing on August 26, 2009, to file a notice appeal. Goree's 14-day period expired on September 9, 2009. Therefore, his period to file a § 2255 motion under § 2255(f)(1) expired one year later, on September 9, 2010. His October 20, 2021, motion was many years beyond that deadline.

### B.  § 2255(f)(3): Date Right Initially Recognized by Supreme Court

Goree may argue that § 2255(f)(3) establishes the trigger for his one-year period for his arguments based on *United States v. Shabani,* 513 U.S. 10, 115 S. Ct. 382, 130 L. Ed. 2d 225 (1994); *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005); and *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013); *United States v. Davis*, 139 S. Ct. 2319 (2019); or *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002). The latest of these cases (*Davis*) was decided on June 24, 2019. Therefore, Goree's period to file a § 2255 under § 2255(f)(3) expired at the latest one year later, on June 24, 2020. His October 20, 2021 motion is therefore late.

Assuming each of these cases initially recognized a new right that applies retroactively to cases on collateral review, they could not have started the one-year limitations period under § 2255(f)(3) such that Goree's § 2255 motion was timely.

### III.  Conclusion

In light of the foregoing, the Court believes Goree's § 2255 motion is barred by the one-year limitations period set forth in § 2255(f). However, because Goree was not required to

3

articulate his statute of limitations arguments in his § 2255 motion, the Court will give him an opportunity to do so now before finally deciding the issue. Accordingly, the Court ORDERS Goree to SHOW CAUSE on or before April 14, 2023, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f).

**IT IS SO ORDERED.**
**DATED: March 15, 2023**

                                               /s J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **UNITED STATES DISTRICT JUDGE**