IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE G. GOREE,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No. 23–CV–796–JPG

## MEMORANDUM & ORDER

This matter comes before the Court on order to show cause and dismissal of Petitioner Clarence Goree's ("Petitioner" or "Goree") § 2255. On March 15, 2023, this Court entered an order to show cause as to why this Court should not dismiss Goree's § 2255 as untimely the one-year limitations set forth in § 2255(f). The Court ordered Goree to show cause on or before April 14, 2023 as to why the Court should not dismiss his § 2255. Goree failed to respond to the order to show cause.

"Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.' " *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 628, 640 (7th Cir. 2012)). Because Goree is seeking to vacate his sentence, the Court has construed the motion as having been filed pursuant to Section 2255, and has opened this new habeas case to consider the motion.

The Court screened Goree's § 2255 under Rule 4 of the Rules Governing Section 2254 cases U.S. District Courts, which provides preliminary consideration by a district court judge. On March 15, 2023 the Court screened Goree's § 2255 and indicated his motion to vacate was untimely under § 2255(f)(1), the date his conviction became final, and §2255(f)(3), the date a right

was initially recognized by the Supreme Court. Because Goree has not responded to the order to show cause, the Court finds that Goree's motion to vacate is untimely and therefore must dismiss his § 2255.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted). The Court declines to issue a certificate of appealability because no reasonable jurist could debate that the petition should have been resolved in a different manner.

Goree has not established his § 2255 motion is timely under § 2255(f), so his motion shall be denied as untimely. The Court hereby **DENIES** Goree's § 2255 motion and this action is **DISMISSED** with prejudice. Goree's motions (Docs. 829 and 833) shall also be **TERMINATED** in the underlying criminal action (*United States v. Clarence G. Goree*, Case No. 6-cr-40029). The Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 19, 2023**

/s J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**